UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JAIRO BONE,<br><br>                    Defendant. | Case No.:  21-CR-637-GPC<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>[ECF Nos. 150, 155] |
|---|---|

    This Court convicted Jairo Bone ("Defendant") of Possession of Cocaine with Intent to Distribute on Board a Vessel on March 21, 2022.  ECF No. 142 at 1-2.  On November 13, 2023, Defendant filed a motion requesting analysis of his eligibility for a sentence reduction under Amendment 821 to the Sentencing Guidelines.  ECF No. 150.  On February 5, 2024, he moved to reduce his sentence pursuant to Amendment 821 to the Sentencing Guidelines, which added the zero-point offender provision of U.S.S.G. § 4C1.1.  ECF No. 155.  The government opposes both motions, arguing that Defendant should not receive a sentence reduction because "it appears the court may have already considered Defendant's lack of criminal history in sentencing him."  ECF No. 159 at 5.

A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). However, even if a defendant meets the § 4C1.1(a) requirements, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

At sentencing the Court held that the appropriate guidelines range was 108 to 135 months based on an offense level of 31. ECF No. 122 at 2. Including § 4C1.1(a)'s two-level reduction, Defendant's amended guidelines range is 87 to 108 months. Defendant's imposed term of 56 months is already below this advisory range. ECF No. 142. Therefore, the Court may not reduce Defendant's sentence. *See* U.S.S.G. §1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]").

For the foregoing reasons, the Court **DENIES** Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**

Dated: April 9, 2024

Hon. Gonzalo P. Curiel
United States District Judge